# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2010

Charles R. Fulbruge III
Clerk

No. 09-40267
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY HARCOURT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:00-CR-96-2

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Timothy Harcourt, federal prisoner # 35421-048, pleaded guilty to conspiracy to distribute methamphetamine and possession of a firearm as a felon, and the district court imposed concurrent 150-month sentences. In 2005, Harcourt filed a motion under 18 U.S.C. § 3582(c)(2) seeking a sentence reduction based in part on Amendment 599 to the Sentencing Guidelines. The district court ruled that Amendment 599 was inapplicable to Harcourt's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. In 2008, Harcourt filed a second motion under § 3582(c)(2) seeking a sentence reduction based on Amendment 599. Harcourt now appeals the district court's denial of that motion.

The doctrine of res judicata applies to criminal cases as well as civil ones. *Wingate v. Wainwright*, 464 F.2d 209, 211 (5th Cir. 1972). We may raise the doctrine of res judicata sua sponte "as a means to affirm the district court decision below." *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992) (internal quotation marks and citation omitted).

The district court's order denying Harcourt's 2005 motion is res judicata as to Harcourt's instant motion. The parties are identical; the judgment in the prior action was rendered by a court of competent jurisdiction; the prior action concluded to a final judgment on the merits; and the same cause of action was involved in both actions. *See United States v. Davenport*, 484 F.3d 321, 325 (5th Cir. 2007); *United States v. Musgrave*, 483 F.2d 327, 332 (5th Cir. 1973).

Furthermore, Harcourt's motion is meritless. Amendment 599 amended the application notes to U.S.S.G. § 2K2.4, which applies to the use of firearms or explosives during or in relation to certain crimes. The amendment and the guideline specifically apply to convictions under 18 U.S.C. §§ 844(h), § 924(c) and 929(a). U.S.S.G. App. C, Amendment 599; § 2K2.4. Harcourt was convicted of violating 18 U.S.C. § 922(g) and 21 U.S.C. § 846, and Amendment 599 is not applicable. The district court's denial of Harcourt's § 3582(c)(2) motion was not an abuse of discretion. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Harcourt's appeal lacks any issue arguable on its merits. The appeal is therefore dismissed as frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Harcourt is warned that future filings of repetitious or frivolous appeals may result in the imposition of sanctions. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court

and any court subject to this court's jurisdiction.  The Government's motion for summary affirmance or, alternatively, an extension is denied.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION DENIED.