# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2024

Lyle W. Cayce
Clerk

———————————

No. 24-30065
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CESAR YARMY CRUZ-PEREZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CR-38-1

_____

Before WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Cesar Yarmy Cruz-Perez, federal prisoner # 53475-479, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 27-month sentence for illegal reentry. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines. Cruz-Perez argues that the district court abused its discretion in denying his motion, contending that the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

district court's order does not provide a sufficient basis for appellate review because it does not contain reasons for the denial of his § 3582(c)(2) motion and does not explicitly state that the district court considered the parties' submissions.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Contrary to Cruz-Perez's assertion, a district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009). In this case, the district court explicitly stated that it considered the 18 U.S.C. § 3553(a) factors and the applicable policy statements issued by the Sentencing Commission. Additionally, although the district court's order states that it considered Cruz-Perez's "motion," we construe that to mean that the district court considered Cruz-Perez's arguments raised in his memorandum filed in support of a sentence reduction. We further note that the district court judge who denied Cruz-Perez's motion for § 3582(c)(2) relief is the same judge who sentenced him; the judge provided reasons at sentencing that implicated such § 3553(a) factors as the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, to afford adequate deterrence, and to provide just punishment, *see* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B); and the judge denied Cruz-Perez's motion a mere five months after sentencing him. On this record, we conclude that the district court had a reasoned basis for denying a sentence reduction as unwarranted. *See Chavez-Meza v. United States*, 585 U.S. 109, 115-19 (2018).

Based on the foregoing, there is no basis for a determination that the district court abused its discretion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED.

2