# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2024

Lyle W. Cayce
Clerk

No. 24-20043
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Dylan Kinlock,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-126-1

_____

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Dylan Kinlock, federal prisoner # 93655-509, appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Subpart 1 of Part B of Amendment 821 to the Sentencing Guidelines. His motion requested a reduction of his within-guidelines 56-month sentence for conspiracy to commit wire fraud. Kinlock argues that the district court

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

abused its discretion by failing to determine his eligibility for sentence modification and by failing to consider the 18 U.S.C. § 3553(a) factors, including his rehabilitation in prison, either explicitly or implicitly.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). In this case, the district court expressly stated in its order that it had considered the U.S.S.G. § 1B1.10 policy statement and the § 3553(a) factors and that it had considered Kinlock's "motion," which we construe to include his attached memorandum in support. A district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009). We further note that the district court judge who denied Kinlock's § 3582(c)(2) motion is the same judge who sentenced him less than eight months before he filed the § 3582(c)(2) motion. Given these facts and the district court's implicit consideration of Kinlock's arguments in his § 3582(c)(2) memorandum regarding his eligibility for a reduction, his requested sentence, and the applicability of the § 3553(a) factors, the record as a whole supports an inference that the district court implicitly determined that a sentence reduction was permissible and that the district court had a reasoned basis for denying a sentence reduction. *See Chavez-Meza v. United States*, 585 U.S. 109, 115-19 (2018); *see also Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

In light of the foregoing, there is no basis for a determination that the district court abused its discretion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED.