# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10874

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2018

Lyle W. Cayce
Clerk

Consolidated with 17-10541

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

v.

THERESA CALTON,

       Defendant – Appellant.

Appeals from the United States District Court
for the Northern District of Texas

Before JOLLY, ELROD, and WILLETT, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Theresa Calton was sentenced to 262 months in prison for conspiracy to distribute crack cocaine. Calton filed two sentence-reduction motions under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. The district court denied both motions. Calton timely appealed the denial of her second sentence-reduction motion and also timely appealed the denial of another related motion. We consolidated the appeals. Because no jurisdictional or procedural hurdle bars Calton's consolidated appeal and because the district court erred in determining that it lacked

No. 15-10874 c/w No. 17-10541

authority to reduce Calton's sentence pursuant to Amendment 782 of the Guidelines, we VACATE the district court's decision denying Calton's successive § 3582(c)(2) motion and REMAND for reconsideration of the motion.

I.

Theresa Calton sold crack cocaine to undercover police officers numerous times in 2009 and 2010. When officers attempted to arrest Calton, she fled in her vehicle, in which she then rammed a law enforcement vehicle, crossed several medians, and reached speeds of 80 to 100 miles per hour. She afterwards abandoned her vehicle and was later arrested. Calton pleaded guilty without a plea agreement to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. Calton's amended pre-sentence report (PSR) held her accountable for distributing 423.07 grams of crack cocaine, which, when combined with two upward adjustments, gave her an offense level of 37. In the addendum to the PSR, the Probation Officer indicated that the career-offender provisions of Guideline § 4B1.1(B) applied to Calton based in part on her prior felony convictions. However, according to the Probation Officer in the addendum to the PSR, because Calton's drug-quantity offense level (37) was higher than her career-offender offense level (34), Calton's Guidelines range would be based on drug quantity. After a downward adjustment, her total offense level was 34 and her Guidelines range was 262 to 327 months' imprisonment.

At the sentencing hearing, the district court adopted the conclusions and factual findings of the PSR as modified or supplemented by the addendum. Thus, the district court concluded that Calton's total offense level was 34 and her Guidelines range was 262 to 327 months' imprisonment. The district court stated that it was "persuaded that [Calton's] sentence should be at the very bottom of the guideline range." Accordingly, the district court sentenced

No. 15-10874 c/w No. 17-10541

Calton to 262 months' imprisonment to be followed by five years of supervised release.

In December 2014, Calton, proceeding *pro se*, submitted a form motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). She requested a reduction based on Amendment 782 to Guideline § 1B1.10.[1] The district court denied Calton's sentence-reduction motion, stating that Calton was "sentenced as a career offender under the career offender provisions of USSG § 4B1.1 instead of the drug quantity provisions of USSG §§ 2D1.1 or 2D1.11." Calton appealed.

We determined that Calton's notice of appeal was untimely filed. *United States v. Calton*, No. 15-10250 (5th Cir. June 16, 2015). However, we noted that Federal Rule of Appellate Procedure 4(b)(4) allows the district court to grant an additional 30 days in which to file a notice of appeal "upon a finding of excusable neglect or good cause." *Id.* Because Calton's notice of appeal was filed within 30 days of the district court's order, we treated the filing as a motion to determine whether Calton was entitled to an extension of time to appeal, and we remanded to the district court for this determination. *Id.* The district court determined that Calton was not entitled to an extension of time. Concluding that this determination was not an abuse of discretion, we dismissed Calton's appeal. *United States v. Calton*, No. 15-10250 (5th Cir. July 21, 2015).

Calton then filed a second § 3582(c)(2) motion for sentence reduction pursuant to Amendment 782, which the district court denied for the same reasons stated in its denial of her initial motion. Calton timely appealed and moved for leave to proceed *in forma pauperis* (IFP). In our order granting

---

[1] Amendment 782, which became effective on November 1, 2014, "modified the drug-quantity table in Section 2D1.1 of the Guidelines by lowering most drug-related base-offenses levels by two." *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017).

No. 15-10874 c/w No. 17-10541

Calton's motion for leave to appeal IFP, we concluded that "the district court erred by concluding that it lacked the authority to reduce Calton's sentence pursuant to § 3582(c)(2)." *United States v. Calton*, No. 15-10874, at 3 (5th Cir. Mar. 16, 2016). However, we also noted that Calton might be "procedurally barred from obtaining relief due to having previously filed a similar § 3582(c)(2) motion, . . . or [by] the doctrines of res judicata or law of the case . . . ." *Id.* (citations omitted).

Calton, still proceeding *pro se*, also filed in the district court a document styled as a "Motion Pursuant to [Federal Rule of Civil Procedure] 60." In her motion, Calton again objected to the district court's denial of her initial § 3582(c)(2) motion. The district court denied the Rule 60 motion, and Calton timely appealed. We consolidated Calton's appeal from the denial of her Rule 60 motion with her appeal from the denial of her second § 3582(c)(2) motion, appointed counsel, and ordered supplemental briefing in this consolidated appeal.

## II.

"[T]he district court's decision whether to reduce a sentence is reviewed for abuse of discretion," but a district court's conclusion that it could not reduce a sentence based on an interpretation or application of the Guidelines is reviewed *de novo*. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). "We review de novo whether the district court had jurisdiction to resentence." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (quoting *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)).

## III.

### A.

"[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Bender v.*

*Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)).  Thus, we consider first whether the district court had jurisdiction to consider Calton's successive § 3582(c)(2) motion. Under 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

We have determined that a district court may have jurisdiction to consider an initial § 3582(c)(2) motion.  *See Garcia*, 606 F.3d at 211–14, 212 n.5 (concluding that the district court had jurisdiction under § 3582(c)(2) to modify defendant's sentence because the sentence was based on the Guidelines).  However, whether a district court has jurisdiction to consider a *successive* § 3582(c)(2) motion is a question of first impression for our circuit.[2]

While we have not yet addressed whether a district court has jurisdiction to consider a successive § 3582(c)(2) motion, every sister circuit that has considered the issue has answered the question in the affirmative.  *See Weatherspoon*, 696 F.3d at 421 (determining that the district court had subject-matter jurisdiction to consider a successive § 3582(c)(2) motion because

---

[2] Whether a district court has jurisdiction to consider a *successive* § 3582(c)(2) motion is distinct from whether § 3582(c)(2)'s requirements are jurisdictional.  *See United States v. Weatherspoon*, 696 F.3d 416, 421–22 (3d Cir. 2012).  As the Seventh Circuit has noted, the Supreme Court "has not addressed [the] precise question [of whether § 3582(c)(2)'s requirements are jurisdictional] but has decided the reach of § 3582(c)(2) without referring to the statute's limits as jurisdictional." *United States v. Taylor*, 778 F.3d 667, 671 (7th Cir. 2015) (citing *Freeman v. United States*, 564 U.S. 522 (2011), and stating that "[a]ll of the Justices—whether or not they joined the Court's judgment—addressed the issue in terms of whether Freeman was statutorily *eligible* for a sentence reduction, not whether the district court had subject-matter jurisdiction to decide his motion").

"congressional silence does not support an inference that Congress has 'clearly stated' its intent to limit a district court's jurisdiction to one § 3582(c)(2) motion"); *United States v. May*, 855 F.3d 271, 274 (4th Cir.) ("Although we have previously prohibited 18 U.S.C. § 3582(c)(2)-based motions for reconsideration . . . , we understand this prohibition to be non-jurisdictional . . . ."), *cert. denied*, 138 S. Ct. 252 (2017); *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014) (rejecting the proposition that "§ 3582(c)(2)'s limitation on when a sentence modification is permitted strips the district court of subject-matter jurisdiction to consider an impermissible successive motion"); *United States v. Trujillo*, 713 F.3d 1003, 1005 (9th Cir. 2013) (rejecting the government's contention that the district court lacked jurisdiction to consider a second § 3582(c)(2) motion); *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1243 (11th Cir.) (stating that "§ 3582(c)(2) contains no language that places a limitation on the district court's jurisdiction to consider successive motions based on the same amendment to the Sentencing Guidelines" and therefore holding that § 3582(c)(2) has no such jurisdictional limitation (quoting *United States v. Anderson*, 772 F.3d 662, 667 (11th Cir. 2014))), *cert. denied*, 138 S. Ct. 566 (2017).

Today we join all of our sister circuits that have considered the question and hold that district courts have jurisdiction to consider successive § 3582(c)(2) motions.  This holding accords with the rule that "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed . . . . But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006) (footnote omitted); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010) ("Our recent cases evince a marked desire to curtail such 'drive-

No. 15-10874 c/w No. 17-10541

by jurisdictional rulings,' . . . which too easily can miss the 'critical differences' between true jurisdictional conditions and nonjurisdictional limitations on causes of action" (first quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998), and second quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004))). Moreover, as the Seventh Circuit noted in *Taylor*, "§ 3582 is not part of a jurisdictional portion of the criminal code but part of the chapter dealing generally with sentences of imprisonment. . . . Nor is subsection (c) phrased in jurisdictional terms." 778 F.3d at 671; *cf. Reed Elsevier, Inc.*, 559 U.S. at 162 ("Our holding [in *Arbaugh*] turned principally on our examination of the text of [42 U.S.C.] § 2000e(b) . . . .").[3]  Therefore, the district court here had jurisdiction to consider Calton's successive § 3582(c)(2) motion.

B.

We next consider our own jurisdiction over Calton's appeal from the denial of her successive § 3582(c)(2) motion. Calton argues that 28 U.S.C. § 1291 gives us jurisdiction to consider her successive motion, whereas the government argues that 18 U.S.C. § 3742(a)(2) provides the proper jurisdictional basis. Under § 1291's general grant of jurisdiction, we may consider appeals from all "final decisions" of the district courts. Under § 3742(a), "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence" if the sentence meets at least one of four conditions—namely, if it was: (1) "imposed in violation of law"; (2) "imposed as a result of an incorrect application of the sentencing guidelines"; (3) "greater

---

[3] Our holding that § 3582(c)(2) creates no jurisdictional bar to a successive sentence-reduction motion does not conflict with our holding in *United States v. Garcia*, as *Garcia* does not address whether district courts have jurisdiction to consider *successive* § 3582(c)(2) motions where the statutory requirements are met. In *Garcia*, we concluded that the defendant could file an initial sentence-reduction motion under § 3582(c)(2)—where the plea agreement stipulated to a minimum prison term—because the district court sentenced him based on the Guidelines. 606 F.3d at 210–11, 214.

than the sentence specified in the applicable guideline range," subject to some qualifiers; or (4) "imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a)(1)–(4).

The question of the proper basis for jurisdiction over appeals from decisions concerning § 3582(c)(2) motions—whether successive motions or initial ones—implicates a circuit split. At least five of our sister circuits have recognized that § 1291 provides a proper basis for appellate jurisdiction over § 3582(c)(2) determinations. *See United States v. McGee*, 553 F.3d 225, 226 (2d Cir. 2009) (stating that the court had jurisdiction under § 1291 to review the district court's denial of defendant's § 3582(c)(2) motion), *superseded by regulation on other grounds*; *United States v. Rodriguez*, 855 F.3d 526, 531–32 (3d Cir. 2017) (concluding that § 3742 did not bar the court from reviewing under § 1291 the reasonableness of a denial of a § 3582(c)(2) motion); *United States v. Colson*, 573 F.3d 915, 916 (9th Cir. 2009) ("We conclude that 18 U.S.C. § 3582(c)(2) sentence reduction decisions are reviewable in their entirety for abuse of discretion under 28 U.S.C. § 1291."); *United States v. Washington*, 759 F.3d 1175, 1180 (10th Cir. 2014) (stating that "§ 3742(a)(1) does not displace § 1291's broad grant of appellate jurisdiction over appeals from final sentencing orders"); *United States v. Jones*, 846 F.3d 366, 367–70 (D.C. Cir. 2017) (reasoning that "[d]enials of sentence reductions are unquestionably 'final decisions of a district court' because they close the criminal cases once again." (quoting § 1291)).[4] Only the Sixth Circuit has held that § 3742, rather

---

[4] Another sister circuit has asserted jurisdiction to review § 3582(c)(2) determinations under both § 1291 and § 3742. *United States v. Purnell*, 701 F.3d 1186, 1188 (7th Cir. 2012) (affirming the denial of a § 3582(c)(2) motion under both § 1291 and § 3742)). In the context of a Federal Rule of Criminal Procedure 35(b) determination, the First Circuit has held that § 1291 is the exclusive jurisdictional basis. *See United States v. McAndrews*, 12 F.3d 273, 277 (1st Cir. 1993) (footnote omitted) ("It follows that the appealability of an order resolving a Rule 35(b) motion is not controlled by 18 U.S.C. § 3742 because such an order is not, properly speaking, a sentence. Rather, appealability in such circumstances, like

than § 1291, provides jurisdiction over appeals from § 3582(c)(2) determinations. *See United States v. Bowers*, 615 F.3d 715, 722 (6th Cir. 2010) (concluding that because Sixth Circuit precedent held that Rule 35(b) determinations were reviewable only under § 3742, § 3582(c)(2) determinations were also reviewable only under § 3742); *see also Rodriguez*, 855 F.3d at 530 ("No Circuit has followed this 2010 [Sixth Circuit] decision.").[5]

We join the Second, Third, Ninth, Tenth, and D.C. Circuits and hold that § 1291 provides the proper jurisdictional basis for reviewing appeals from denials of § 3582(c)(2) sentence-reduction motions.[6]   The D.C. Circuit's reasoning in *Jones* is particularly persuasive: "Denials of sentence reductions are unquestionably 'final decisions of a district court' because they close the criminal cases once again."   846 F.3d at 369 (quoting § 1291).   While "a would-be appellant cannot use [§ 1291's] broad grant of jurisdiction to circumvent statutory restrictions on sentencing appeals in § 3742," when district courts deny § 3582(c)(2) motions, the result is only "final orders—not new sentences by any definition."   *Id.* at 369–70; *see also* § 3742(a) ("A defendant may file a

---

appealability with respect to the disposition of virtually all other post-judgment motions, is governed by 28 U.S.C. § 1291.").

[5] In *United States v. Lightfoot*, 724 F.3d 593 (5th Cir. 2013), we considered an appeal from the judgment of the district court reducing a defendant's original sentence pursuant to Federal Rule of Criminal Procedure 35(b).   724 F.3d at 594.   We concluded that we had jurisdiction to consider whether the sentence was "imposed in violation of law" under § 3742(a)(1) and therefore "d[id] not consider [the defendant's] contention that we would have jurisdiction under 28 U.S.C. § 1291 . . . ."   *Id.* at 595–96, 595 n.6.   Moreover, we recognized in *Lightfoot* that "the nature of a sentence reduction under Rule 35 differs from the other two circumstances permitting modification described in § 3582(c)."   *Id.* at 598.   Thus, *Lightfoot* does not address whether § 1291 or § 3742 (or both) provides a proper jurisdictional basis for reviewing § 3582(c)(2) determinations.

[6] We do not reach the question of whether § 1291 or § 3742 (or both) provides jurisdiction to review a ruling that *grants* a § 3582(c)(2) motion and modifies the sentence, as the district court here denied both Calton's initial and successive § 3582(c)(2) motions (as well as her Rule 60 motion).

notice of appeal in the district court for review of an otherwise final *sentence . . . .*" (emphasis added)).  Thus, "it appears that at least the most obvious reading of § 3742 renders it inapplicable" to the denial of a § 3582(c)(2) motion.  *Jones*, 846 F.3d at 370.  As the Supreme Court has stated, "a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense," and holding that § 1291 supplies the jurisdictional basis for reviewing denials of § 3582(c)(2) motions best comports with this principle.  *See Dillon v. United States*, 560 U.S. 817, 827 (2010); *see also United States v. Leatch*, 858 F.3d 974, 979 (5th Cir.) ("[A] sentence reduction under section 3582(c)(2) is distinct from a full resentencing proceeding."), *cert. denied*, 138 S. Ct. 401 (2017).

## C.

Having concluded that the district court had jurisdiction to consider Calton's successive § 3582(c)(2) motion and that we have jurisdiction to review the district court's final judgment denying her successive motion, we turn to consider whether Calton's appeal is procedurally barred.  The government primarily argues that Calton's appeal is barred by two doctrines: res judicata and law of the case.  In support of its argument that res judicata applies, the government points to our unpublished decision in *United States v. Harcourt*, 363 F. App'x 296 (5th Cir. 2010).  In *Harcourt*, a panel of our court reviewed the denial of a second § 3582(c)(2) motion and determined that res judicata barred the defendant's appeal because the district court had denied the defendant's initial § 3582(c)(2) motion.  363 F. App'x at 297.

"Application of res judicata is proper only if the following four requirements are met: (1) the parties must be identical in the two suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." *Russell v. SunAmerica Sec., Inc.*, 962

F.2d 1169, 1172 (5th Cir. 1992).  Res judicata "prevents collateral attack on the result of the completed lawsuit between the same parties."  *Pegues v. Morehouse Par. Sch. Bd.*, 706 F.2d 735, 738 (5th Cir. 1983) (quoting *Loumar v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983)); *see also* 18 Charles Alan Wright et al., Federal Practice and Procedure § 4404 (3d ed.) ("Res judicata applies as between separate actions, not within the confines of a single action on trial or appeal.").

In *United States v. Alvarez*, 210 F.3d 309 (5th Cir. 2000), we affirmed the principle that "a § 3582(c)(2) motion is not a civil postconviction action but a 'step in a criminal case.'"  210 F.3d at 310 (quoting *United States v. Ono*, 72 F.3d 101, 102–03 (9th Cir. 1995), and citing *United States v. Petty*, 82 F.3d 809, 810 (8th Cir. 1996)).  Thus, the denial of a § 3582(c)(2) motion does not operate as a res-judicata bar to a successive § 3582(c)(2) motion because such a motion is a step in the same criminal case rather than a separate action collaterally attacking a completed lawsuit.  *Id.*  *Harcourt* conflicts with our published caselaw regarding res judicata, and we do not follow it here.  *See id.*; *see also United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) ("This court's rule of orderliness prevents one panel from overruling the decision of a prior panel." (quoting *McClain v. Lufkin Indus.*, 649 F.3d 374, 385 (5th Cir. 2011))).

Having concluded that res judicata cannot bar Calton's appeal, we turn to the doctrine known as law of the case.  Law of the case "applies to a single proceeding, and operates to foreclose re-examination of decided issues either on remand or on a subsequent appeal."  *Pegues*, 706 F.2d at 738.  However, "law of the case is not a jurisdictional rule, but a discretionary practice." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).  "Unlike *res judicata*, the law of the case doctrine does not encompass issues presented for decision but left unanswered by the appellate court."  *Pegues*, 706 F.2d at 738.

No. 15-10874 c/w No. 17-10541

Even assuming that the government has not forfeited any argument based on law of the case, the doctrine does not apply here because we have not previously decided whether Calton is eligible for a sentence reduction pursuant to Amendment 782. In an order granting Calton's motion to proceed IFP, we determined that "whether the district court erred in denying Calton's § 3582(c)(2) motion constitutes a nonfrivolous issue for appeal." *United States v. Calton*, No. 15-10874, at 3 (5th Cir. Mar. 16, 2016). However, we also noted that "[a]nother issue implicated in this appeal is whether Calton is procedurally barred from obtaining relief due to having previously filed a similar § 3582(c)(2) motion, . . . or [by] the doctrines of res judicata or law of the case . . . ." *Id.* at 3 (citations omitted). Because we have not previously decided whether Calton may obtain relief on her successive motion for sentence reduction, law of the case poses no bar.[7]

D.

Having determined that no jurisdictional or procedural hurdle bars Calton's consolidated appeal, we now consider the merits. The government concedes that the district court erred in determining that Calton was ineligible

---

[7] The government concedes that our rule in *Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127 (5th Cir. 1975), does not apply to Calton's successive § 3582(c)(2) motion—the heart of this consolidated appeal. Moreover, the government has forfeited any argument that the *Burnside* rule bars the appeal of Calton's Rule 60 motion. In its initial brief, the government stated that Calton's appeal was "potentially barred" by precedents such as *Burnside*, but reasoned that "res judicata is the better doctrinal fit as a procedural bar." In its supplemental brief, the government states that "[t]o the extent . . . that the appeal in No. 17-10541, is construed as a denial of a motion for reconsideration . . . the rule would seem to apply." The government has failed to press the *Burnside* claim on appeal. *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) ("Claims not pressed on appeal are deemed abandoned." (quoting *Knatt v. Hosp. Serv. Dist. No. 1*, 327 F. App'x 472, 483 (5th Cir. 2009))). Even assuming *arguendo* that the government has not forfeited the argument from *Burnside*, we would not choose today to extend the *Burnside* rule to the criminal context of § 3582(c)(2) motions. *See United States v. Reyes*, 945 F.2d 862, 864 (5th Cir. 1991) (declining to apply *Burnside* in a criminal case "because [defendant's] motions pray for the vacation of a criminal conviction rather than a civil judgment and are not ordinary Rule 60(b) motions").

for a sentence reduction pursuant to Amendment 782. We indicated as much in our previous order allowing Calton to proceed IFP on appeal. *See United States v. Calton*, No. 15-10874, at 2–3 (5th Cir. Mar. 16, 2016). In denying Calton's second § 3582(c)(2) motion for sentence-reduction (the denial of which Calton timely appealed), the district court stated that Calton was "ineligible for a reduced sentence under Amendment 782" and denied her motion "for the same reasons enunciated in the order of February 24, 2015." In its February 2015 order, the district court determined that Calton was "sentenced as a career offender under the career offender provisions of USSG § 4B1.1 instead of the drug quantity provisions of USSG §§ 2D1.1 or 2D1.11" and thus Calton was ineligible for resentencing.

This was error. While the Probation Officer noted that the career-offender provisions of Guideline § 4B1.1(B) applied to Calton based on prior convictions, the Probation Officer later stated in the addendum to the PSR that because Calton's drug-quantity-based offense level was higher than her career-offender offense level, her Guidelines range would be based on drug quantity. Therefore, Amendment 782, which reduced by two levels most drug-quantity-based offense levels, applies to Calton's sentence. *See Morgan*, 866 F.3d at 675; *see also* U.S.S.G. § 1B1.10(a), (d); U.S.S.G. App. C., Amend. 788 (making Amendment 782 retroactive). Amendment 782 lowers Calton's Guidelines range from 262 to 327 months' imprisonment to 210 to 262 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). The district court erred in concluding that Calton was ineligible for a sentence reduction because of its incorrect determination that Calton was sentenced under the career-offender provisions rather than under the drug-quantity provisions.

## IV.

Accordingly, because no jurisdictional or procedural hurdle bars Calton's consolidated appeal and because the district court erred in determining that it

No. 15-10874 c/w No. 17-10541

lacked authority to reduce Calton's sentence pursuant to Amendment 782 of the Guidelines, we VACATE the district court's decision denying Calton's successive § 3582(c)(2) motion and REMAND for reconsideration of the motion.[8]

---

[8] Because we vacate the district court's judgment and remand for reconsideration of Calton's successive § 3582(c)(2) motion, we need not address Calton's alternative argument that we should recall the mandate in No. 15-10250, nor do we exercise our inherent power to recall the mandate here. *See* 5th Cir. R. 41.2.

In addition, because we remand for reconsideration of Calton's successive § 3582(c)(2) motion, we need not address the denial of Calton's Rule 60 motion, which concerns the same fundamental request for sentence reduction pursuant to Amendment 782.