# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10751
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-133-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alfredo Medina, federal prisoner # 39027-177, appeals the denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 782, 790, and 794. For the reasons that follow, the district court did not err or abuse its discretion in denying him a sentence reduction. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). A reduction is not consistent with the Commission's policy statement, namely, U.S.S.G. § 1B1.10, or authorized under § 3582(c)(2) if the amendment to the guidelines range "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B). The 162.84 kilograms of methamphetamine Medina was held accountable for yields the same base offense level of 38 under both the amended version of U.S.S.G. § 2D1.1(c) and the version in effect when he was sentenced. Therefore, Amendment 782 does not have the effect of lowering Medina's guidelines range. To the extent that Medina challenges the calculation of this drug quantity, a § 3582(c)(2) motion may not be used to challenge the correctness of his original sentence. *See Dillon v. United States*, 560 U.S. 817, 831 (2010).

A reduction is not consistent with § 1B1.10 or authorized under § 3582(c)(2) if "[n]one of the amendments listed in subsection (d) [of § 1B1.10] is applicable to the defendant." § 1B1.10(a)(2)(A). Amendments 790 and 794 are not listed in § 1B1.10(d). *See* § 1B1.10(d). Accordingly, the district court was not authorized to reduce Medina's sentence pursuant to Amendments 790 and 794.

The judgment of the district court is AFFIRMED.