# United States Court of Appeals for the Fifth Circuit

---

No. 24-30081
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMIAH RICHARD,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:20-CR-285-1

---

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Jeremiah Richard, federal prisoner # 24755-509, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 48-month above-guidelines sentence for being a felon in possession of firearms and ammunition. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines. Richard argues that the district court abused its

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

discretion in denying his motion, contending that the district court's order does not provide a sufficient basis for appellate review because it does not contain reasons for the denial of his § 3582(c)(2) motion and does not explicitly state that the district court considered the parties' submissions.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Contrary to Richard's assertion, a district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009). In this case, the district court explicitly stated that it considered the 18 U.S.C. § 3553(a) factors and the applicable policy statements issued by the Sentencing Commission. Additionally, although the district court's order states that it considered Richard's "motion," we construe that to mean that the district court considered Richard's arguments raised in his memorandum filed in support of a sentence reduction. We further note that the district court judge who denied Richard's motion for § 3582(c)(2) relief is the same judge who sentenced him; the judge provided reasons at sentencing that implicated such § 3553(a) factors as "the nature and circumstances of the offense, the history and characteristics of the defendant," and the need for the sentence to reflect "the seriousness of the offense and promote respect for the law as well as just punishment for the offense [and serve] as an adequate deterrence to future offenses and to protect the public." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). Finally, we note that, because the district court at sentencing did not consider the 21-to-27-month guidelines range to be sufficient when it imposed its non-guidelines sentence of 48 months, it is difficult to conceive how a lower amended guidelines range would affect the court's sentencing decision under the amended Guideline.

On this record, we conclude that the district court had a reasoned basis for denying a sentence reduction as unwarranted. *See Chavez-Meza v.*

No. 24-30081

*United States*, 585 U.S. 109, 115-19 (2018). Thus, there is no basis for a determination that the district court abused its discretion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED.