# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-20052
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

John Willard Broussard,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-280-1

_____

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

John Willard Broussard, federal prisoner # 01914-510, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 188-month sentence for aiding and abetting the possession with intent to distribute 500 grams or more of a controlled substance. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines. Broussard

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

argues that the district court abused its discretion in denying his motion, because he was eligible for a sentence reduction insofar as his criminal history category under the amended Guideline is III, and his amended guidelines range is 135 to 168 months.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Contrary to Broussard's assertions, the district court did not deny him a sentence reduction because he was ineligible for one. Rather, the district court denied him a reduction based on its weighing of, *inter alia*, the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). Because Broussard does not challenge the district court's denial of relief based on its weighing of the § 3553(a) factors, any such challenge is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Broussard has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED.