# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10349
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christian Martinez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-322-1

---

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Christian Martinez, federal prisoner # 17493-510, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 80-month and below-guidelines sentence for conspiracy to commit bank fraud. His motion was based on Subpart 1 of Part B of Amendment 821 to the Sentencing Guidelines. Martinez argues the district court abused its

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

discretion in denying his motion, contending the court failed to provide specific reasons for the denial and failed to consider the arguments he made in his motion.

We review a district court's decision to reduce a sentence pursuant to Section 3582(c)(2) for an abuse of discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Contrary to Martinez's assertion, a district court is not required to provide detailed reasons for denying a Section 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009). Here, the district court stated that it considered the 18 U.S.C. § 3553(a) factors, the applicable policy statements issued by the Sentencing Commission, and Martinez's motion. The district judge who denied Martinez's motion for Section 3582(c)(2) relief is the same judge who sentenced him a mere seven months earlier. The judge noted that the offence was "very concerning" and involved an "astounding" amount of money. The judge also referenced various Section 3553(a) factors such as needing the sentence to reflect the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, and protecting the public from Martinez's further crimes. *See* § 3553(a)(1), (a)(2)(A)-(C). On this record, the district court had a reasoned basis for denying a sentence reduction. *See Chavez-Meza v. United States*, 585 U.S. 109, 115–19 (2018).

We also reject Martinez's argument that the district court should have weighed the sentencing factors differently. Such an argument is an invitation for this court to reweigh the sentencing factors and substitute its own judgment on appeal, which it will not do. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017); *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). The district court did not abuse its discretion.

AFFIRMED.