# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2024

Lyle W. Cayce
Clerk

———————

No. 24-30071
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RENATA FOREMAN,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CR-119-1

_____

Before JONES, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Renata Foreman, federal prisoner # 33270-034, appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion to reduce her 87-month concurrent sentences for her three wire fraud convictions. Her motion was based on Part A of Amendment 821 to the Sentencing Guidelines. Foreman argues that the district court abused its discretion in denying her motion,

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

contending that the district court failed to provide specific reasons, failed to consider and address the 18 U.S.C. § 3553(a) factors and the applicable policy statements, and failed to consider her post-sentencing rehabilitation.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Contrary to Foreman's assertion, a district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 673–74 (5th Cir. 2009). In this case, the district court explicitly stated that it considered the § 3553(a) factors, the applicable policy statements issued by the Sentencing Commission, and Foreman's "motion," which we construe to mean that the district court considered Foreman's arguments raised in her memorandum filed in support of a sentence reduction, including her arguments concerning her post-sentencing rehabilitation. Additionally, the district court explicitly stated that a sentence reduction was not warranted because Foreman had "received two disciplinary citations while in the [Bureau of Prisons] and continued to file frivolous and repetitive pleadings despite the [district court's] warning." *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(iii).

We further note that the district court judge who denied Foreman's motion for § 3582(c)(2) relief is the same judge who sentenced her; the judge provided reasons at sentencing that implicated such § 3553(a) factors as the nature and circumstances of the offense, Foreman's history and characteristics, and the need for the sentence to promote respect for the law, to provide just punishment, and to afford adequate deterrence. *See* § 3553(a)(1), (a)(2)(A)–(B). On this record, we conclude that the district court had a reasoned basis for denying a sentence reduction as unwarranted. *See Chavez-Meza v. United States*, 585 U.S. 109, 115–16 (2018).

No. 24-30071

Accordingly, there is no basis for a determination that the district court abused its discretion. *See Calton*, 900 F.3d at 710. The decision of the district court is AFFIRMED.