# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-30131
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Nicholas J. Bryant,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-276-1

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Nicholas J. Bryant, federal prisoner # 72790-509, was convicted of possession of a firearm by a prohibited person and was sentenced to 46 months of imprisonment. Bryant appeals the district court's subsequent decision denying a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Part A of Amendment 821 to the Sentencing Guidelines. He argues

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that the district court erred in denying relief by failing to indicate that it had reconsidered the 18 U.S.C. § 3553(a) factors, state that it had considered the parties' submissions, or provide any reasons for the motion's denial.

Contrary to the Government's argument that our review is for plain error, we review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Evans*, 587 F.3d 667, 672-74 (5th Cir. 2009). A district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See Evans*, 587 F.3d at 673-74. In this case, the district court stated that it had considered the U.S.S.G. § 1B1.10 policy statement, the 18 U.S.C. § 3553(a) factors, and the "motion," which we construe to mean Bryant's arguments in his sentencing memorandum that he was eligible for relief and that relief was warranted due to his post-sentence rehabilitation and newly available empirical evidence and statistics. We further note that the district court judge who denied Bryant § 3582(c)(2) relief is the same judge who sentenced him; the judge cited Bryant's criminal history, personal characteristics, and role in the offense, as well as the need to afford adequate deterrence and protect the public, in determining that 46 months was an appropriate sentence. *See* 18 U.S.C. § 3553(a)(1), (2)(B)-(C). On this record, we conclude that the district court had a reasoned basis for denying a sentence reduction as unwarranted. *See Chavez-Meza v. United States*, 585 U.S. 109, 115-19 (2018).

In light of the foregoing, there is no basis for a determination that the district court abused its discretion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED.