# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-60133
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Bryan Smith,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-8-1

———————————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Christopher Bryan Smith, federal prisoner # 20684-043, appeals the district court's order denying him, pursuant to 18 U.S.C. § 3582(c)(2), a reduction in his 109-month sentence for possession of child pornography involving a minor who has not attained the age of 12. Smith argues that the district court's order should be reversed to protect the important goal of

———————————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

consistency in the sentencing process and to ensure that his sentence will be consistent with sentences ordered for similarly situated defendants who are sentenced after the effective date of Part A of Amendment 821 to the Sentencing Guidelines.

We review his claim for abuse of discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Smith's argument is not supported by a showing that similarly situated defendants who committed similar offenses have received lesser sentences. *See* 18 U.S.C. § 3553(a)(6). His argument that similarly situated defendants who are sentenced after November 1, 2023, and who receive the benefit of Amendment 821, will receive a lesser sentence is pure conjecture. *Cf. United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010) (rejecting the suggestion that a district court must grant a § 3582(c)(2) motion based on an amendment to the Guidelines because failing to do so creates unwarranted sentencing disparities).

Accordingly, Smith has failed to demonstrate that the district court abused its discretion in denying his § 3582(c)(2) motion for a sentence reduction. *See Calton*, 900 F.3d at 710. The decision of the district court is AFFIRMED.