# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2024

Lyle W. Cayce
Clerk

No. 24-40006
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE DE LA CRUZ CLAROS-AMAYA,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-28-6

_____

Before RICHMAN, DOUGLAS, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Jose De La Cruz Claros-Amaya, federal prisoner number 27440-078, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Part B, Subpart 1 of Amendment 821 to the Sentencing Guidelines. His motion requested a reduction of his 140-month sentence for conspiracy to import and to manufacture and

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States. The district court determined that Claros-Amaya was not eligible for a reduction under U.S.S.G. § 4C1.1 due to his aggravating role adjustment under U.S.S.G. § 3B1.1(c), and it alternatively reasoned that, "[e]ven if eligible, the Court would not reduce the sentence."

Claros-Amaya argues that the district court erred in denying his motion because, under the rule of lenity, his aggravating role adjustment alone did not disqualify him from receiving a sentence reduction under § 4C1.1 because § 4C1.1(a)(10) should be interpreted to allow for a reduction if he did not both receive an aggravating role adjustment and engage in a continuing criminal enterprise. Claros-Amaya's attorney-prepared briefs do not provide any facts or arguments challenging the district court's consideration of the 18 U.S.C. § 3553(a) factors, nor do they otherwise challenge the district court's determination that even if Claros-Amaya was eligible, the court would not have reduced his sentence. Claros-Amaya has abandoned this issue by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

In light of the foregoing, there is no basis for a determination that the district court abused its discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Accordingly, the decision of the district court is AFFIRMED.