# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50393
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Eliud Maradiaga-Sanchez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-2029-1

_____

Before Graves, Willett, and Wilson, and *Circuit Judges*.

Per Curiam:[*]

Ronald Eliud Maradiaga-Sanchez, federal prisoner # 83823-479, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 50-month within-guidelines sentence for illegal reentry. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines. Maradiaga-Sanchez argues that the district court erred in denying his motion,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

contending that the district court's reasons for the denial were insufficient, the court failed to consider his arguments regarding rehabilitation, and the court erred in weighing the 18 U.S.C. § 3553(a) factors.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). The district court denied Maradiaga-Sanchez's motion upon finding that a sentence reduction was not warranted based on the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). The district court's reasons for denying Maradiaga-Sanchez's motion were sufficient. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020); *United States v. Evans*, 587 F.3d 667, 673–74 (5th Cir. 2009). Furthermore, even if the district court did not expressly address Maradiaga-Sanchez's rehabilitation, the issue was raised in his § 3582(c)(2) motion, and we can infer that the district court considered his rehabilitative efforts. *See Evans*, 587 F.3d at 673; *see also Concepcion v. United States*, 597 U.S. 481, 502 (2022). Maradiaga-Sanchez's remaining arguments concerning the § 3553(a) factors merely show his disagreement with how the court weighed those factors and are insufficient to show an abuse of discretion. *See Evans*, 587 F.3d at 672–73.

Based on the foregoing, Maradiaga-Sanchez has failed to demonstrate any legal error or clearly erroneous assessment of the evidence in the district court's denial of his motion. *See Batiste*, 980 F.3d at 469. Accordingly, the district court's order is AFFIRMED.