# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2025

Lyle W. Cayce
Clerk

No. 24-10526
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Juvenal Acevedo Cruz,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-185-4

———————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Juvenal Acevedo Cruz, federal prisoner # 60350-177, was convicted of possession with intent to distribute 50 grams or more of methamphetamine and was sentenced below the guidelines range to 87 months of imprisonment. He appeals the denial of his motion for a reduction in sentence pursuant to

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10526

18 U.S.C. § 3582(c)(2) based on Subpart 1 of Part B of Sentencing Guidelines Amendment 821.

On appeal, Acevedo Cruz argues that the district court abused its discretion by denying his § 3582(c)(2) motion without providing sufficient reasons. We review a district court's decision whether to reduce a sentence for abuse of discretion, and we review, de novo, the district court's conclusion that it was precluded from reducing a sentence based on its interpretation or application of the Guidelines. *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

A district court is not required to explain its reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009). Here, the district court stated in its order that it denied a sentence reduction after considering Acevedo Cruz's motion, the policy statement at U.S.S.G. § 1B1.10, and the applicable 18 U.S.C. § 3553(a) factors and for the reasons provided in its statement of reasons. Moreover, the district court did not err in determining, as explained in its statement of reasons, that although Acevedo Cruz was eligible for a reduction in his offense level under U.S.S.G. § 4C1.1, section 1B1.10(b)(2) precluded the reduction of his 87-month sentence because it was already below the amended guidelines range and was not based on his substantial assistance. *See* 18 U.S.C. § 3582(c)(2); § 1B1.10(b)(2).

Acevedo Cruz therefore fails to show that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Calton*, 900 F.3d at 710. Accordingly, the district court's decision is AFFIRMED.