# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-10013
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Maria Lilia Villa,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-320-14

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Maria Lilia Villa, federal prisoner # 45240-177, is serving a 292-month sentence of imprisonment, which was imposed following her conviction of conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine. Proceeding pro se, Villa appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion to reduce her sentence, which

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10013

was based on Amendment 821 to the Sentencing Guidelines. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

Villa asserts that, when imposing her original sentence, the district court failed to give adequate consideration to the fact that she had zero criminal history points. She argues that the purpose of Amendment 821 is to allow reconsideration of sentences imposed on defendants who had no criminal record. Villa contends that, in considering her § 3582(c)(2) motion, the district court did not take into account the applicability of Amendment 821 to her case.

The district court denied Villa's motion based on a determination that she was ineligible for a sentence reduction under the zero-point offender provision because she did not satisfy two of the prerequisites for eligibility laid out in U.S.S.G. § 4C1.1(a). Specifically, the district court determined that Villa was not eligible because she possessed a firearm or other dangerous weapon in connection with the offense and because she received an enhancement under U.S.S.G. § 3B1.1 for her aggravating role in the offense. *See* § 4C1.1(a)(7), (10).

Villa does not address the district court's determination that she is ineligible for a sentence reduction under § 3582(c)(2). Because Villa fails to challenge the district court's ineligibility determination, the issue is deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In view of the foregoing, Villa has not shown that the district court abused its discretion in denying her § 3582(c)(2) motion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED.