# United States Court of Appeals for the Fifth Circuit

No. 24-30358
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Karen Hawkins Gier,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-288-1

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Karen Hawkins Gier, federal prisoner # 79555-509, is serving a 70-month term of imprisonment, imposed following her jury-trial conviction for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. She challenges the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 821 to the Sentencing

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Guidelines. She contends the court erred by denying her a reduction under Guideline § 4C1.1 (2023) (explained *infra*) without: reconsidering the 18 U.S.C. § 3553(a) sentencing factors; considering her contentions as to why a reduction was warranted; or giving sufficient reasons for the denial as a matter of discretion.

Our court reviews the denial of a § 3582(c)(2) motion for abuse of discretion; on the other hand, "a district court's conclusion that it could not reduce a sentence based on an interpretation or application of the Guidelines is reviewed *de novo*". *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). We may affirm on any basis supported by the record. *E.g.*, *United States v. Roussel*, 705 F.3d 184, 195 (5th Cir. 2013).

Under § 3582(c)(2), a sentence reduction is not authorized if the amendment at issue is not applicable to defendant or does not have the effect of lowering the Guidelines range. *See* U.S.S.G. § 1B1.10(a)(2), p.s.; *see also Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (explaining that § 3582(c)(2) only authorizes reduction consistent with § 1B1.10). Our court need not consider Gier's contentions because she was not eligible for relief.

In conjunction with her sentencing, and based on part of her Guidelines calculations, Gier received a four-level role enhancement pursuant to Guideline § 3B1.1(a) (providing enhancement to defendant's base offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive"). Consequently, she was disqualified from receiving the § 4C1.1 reduction (allowing two-offense-level reduction for defendants with zero criminal-history points and who meet other requirements outlined in § 4C1.1(a)). *See United States v. Morales*, 122 F.4th 590, 597 (5th Cir. 2024) (holding that, "[i]f a defendant either received a § 3B1.1 enhancement or engaged in a continuing criminal enterprise, [s]he is disqualified from receiving the

No. 24-30358

[§ 4C1.1] reduction" and affirming denial of § 4C1.1 reduction based solely upon defendant's receipt of § 3B1.1 enhancement); U.S.S.G. § 4C1.1(a)(10) (2023).  Accordingly, the district court did not abuse its discretion in denying Gier's § 3582(c)(2) motion.  *See Calton*, 900 F.3d at 710.

AFFIRMED.