# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-20444
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

John Anthony Taylor,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-553-2

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

John Anthony Taylor, federal prisoner # 26788-034, appeals the district court's order entered on September 17, 2024. Although Taylor contends that the order denied his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release, which was docketed on June 11, 2024, the order only denied § 3582(c)(2) relief based upon Amendment 821 to the Sentencing

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Guidelines. *See* 18 U.S.C. § 3582(c)(2) (providing that district court may determine eligibility "on its own motion").[1] By exclusively arguing in his appellate brief that he is entitled to compassionate release, Taylor fails to address, and has therefore abandoned any challenge to, the denial of § 3582(c)(2) relief under Amendment 821. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In any event, the district court did not err in determining as a matter of law that it lacked authority under the Guidelines to reduce Taylor's sentence. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2), p.s. The record reflects that Taylor had six criminal history points at the time he was sentenced such that he is precluded from receiving a reduction as a zero-point offender. *See* U.S.S.G. § 4C1.1(a)(1) (2023). With regard to U.S.S.G. § 4A1.1(e) (2023), the district court incorrectly determined that Taylor was not assessed status points; nevertheless, since the lowering of his criminal history points from six to four does not result in a reduction of either his criminal history category or, by extension, his applicable guidelines range, Taylor does not qualify for a § 3582(c)(2) reduction. *See* U.S.S.G. Ch.5, Pt.A (sentencing table); § 1B1.10(a)(2), p.s.; *see also United States v. Roussel*, 705 F.3d 184, 195 (5th Cir. 2013) (providing that this court may affirm the district court's application of the Guidelines on any basis supported by record).

---

[1] While the district court checked a box on the order indicating that it was adjudicating a motion filed by Taylor, the remainder of the order reflects that the district court sua sponte denied § 3582(c)(2) relief.

No. 24-20444

Accordingly, the order denying § 3582(c)(2) relief is AFFIRMED. We express no opinion on the merits of Taylor's § 3582(c)(1)(A)(i) motion for compassionate release, which remains pending in the district court.