# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-30054
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVEREA COCKERM,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-195-1

_____

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Javerea Cockerm, federal prisoner # 11731-509, appeals the denial of his constructive motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion based on its determination that Amendment 829 to the Sentencing Guidelines was not

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

retroactive. We review the denial of § 3582(c)(2) relief for abuse of discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

Invoking *Concepcion v. United States*, 597 U.S. 481 (2022), Cockerm asserts that he was entitled to a plenary resentencing. However, as we have determined, neither the First Step Act, which was the focus of *Concepcion*, nor § 3582(c)(2), involves "a plenary resentencing proceeding." *United States v. Batiste*, 980 F.3d 466, 472 (5th Cir. 2020) (internal quotation and citation omitted). Although he argues that Amendment 829 should have been considered by the district court, because the amendment is not retroactive, Cockerm cannot show that the district court abused its discretion in denying his motion. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); U.S.S.G. § 1B1.10(a)(2)(A), (d), p.s.

To the extent that Cockerm's pro se brief may be read as arguing that the district court failed to provide sufficient reasons for denying § 3582(c)(2) relief, he has not shown error. As noted, the district court explained that Cockerm could not obtain relief under Amendment 829 because the amendment was not retroactive, and no further explanation was required under the "circumstances of [this] particular case." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018).

AFFIRMED.