# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2026

Lyle W. Cayce
Clerk

No. 25-40320
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARLES HAWKINS, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:22-CR-16-1

Before ELROD, *Chief Judge*, and HIGGINSON and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Charles Hawkins, Jr., federal prisoner # 03630-510, appeals *pro se* the denial of his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2). Hawkins sought a reduction under Part A of Amendment 821 to the Sentencing Guidelines. We review the district court's denial of a motion for

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40320

a sentence reduction for abuse of discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

On appeal, Hawkins argues that the district court failed to consider how "the status points significantly impacted the sentencing court's assessment of the severity and culpability factors" when the district court imposed his 210-month sentence. Hawkins further contends that the district court incorrectly gave "excessive weight" to charges that were pending at sentencing but have since been dismissed. He asserts that the district court did not give sufficient weight to the government's statement that it did not oppose a twenty-two-month reduction in Hawkins's sentence. Finally, Hawkins contends that his post-sentence conduct and the need to correct unwarranted disparities between sentences involving actual methamphetamine and those involving methamphetamine mixtures warranted a reduction.

As the government recognizes, its position not opposing the granting of Hawkins's § 3582(c)(2) motion is not dispositive; the district court has discretion in granting such a motion. *See Calton*, 900 F.3d at 710. The record reflects that the district-court judge, who also sentenced Hawkins in 2022, considered the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of Hawkins's offense, as well as his history and characteristics, in denying § 3582(c)(2) relief. Hawkins's arguments that the district court did not give proper weight to the purported dismissal of pending charges, unwarranted sentencing disparities, and his post-sentence conduct constitute a mere disagreement with the district court's analysis of the § 3553(a) factors. *See United States v. Evans*, 587 F.3d 667, 672–73 (5th Cir. 2009).

On this record, there is no basis to conclude that the district court abused its discretion in denying Hawkins's § 3582(c)(2) motion. *See Calton*,

No. 25-40320

900 F.3d at 710. Accordingly, the judgment of the district court is AFFIRMED.