# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2024

Lyle W. Cayce
Clerk

No. 24-20233
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Rajubhai Bholabhai Patel,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-385-23

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Rajubhai Bholabhai Patel, federal prisoner # 51656-424, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 151-month sentence for conspiracy to commit money laundering. His motion was based on Subpart 1 of Part B of Amendment 821 to the Sentencing Guidelines. Patel argues that the district court erred in denying his motion,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

contending that the court failed to provide specific reasons for the denial and failed to consider the arguments he made in his motion.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Contrary to Patel's assertion, a district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009). In this case, the district court explicitly stated that it considered the 18 U.S.C. § 3553(a) factors, the applicable policy statements issued by the Sentencing Commission, and Patel's motion. We further note that the district court judge who denied Patel's motion for § 3582(c)(2) relief is the same judge who sentenced him. The court denied the Government's U.S.S.G. § 5K1.1 motion for a below-guidelines sentence and appeared concerned with the vast expansiveness of Patel's and his codefendants' fraud and money-laundering scheme, which resulted in a loss to thousands of individuals in the approximate amount of $8.9 million. The court also provided reasons at sentencing that implicated such § 3553(a) factors as the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, to provide respect for the law, and to provide just punishment. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). On this record, we conclude that the district court had a reasoned basis for denying a sentence reduction as unwarranted. *See Chavez-Meza v. United States*, 585 U.S. 109, 115-19 (2018).

Insofar as Patel argues that the district court should have weighed the sentencing factors differently, such an argument is an invitation for this court to reweigh the sentencing factors and substitute its own judgment on appeal, which we will not do. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017); *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

No. 24-20233

Based on the foregoing, there is no basis for a determination that the district court abused its discretion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED.