# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40316
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Angel Daniel Perez-Perez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-127-1

———————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Angel Daniel Perez-Perez, federal prisoner # 15712-196, appeals the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his 63-month sentence for illegal reentry. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40316

At sentencing, the district court departed upward under U.S.S.G. § 4A1.3(a) from the applicable 46-to-57-month guidelines range because it found that Perez-Perez's criminal history score was underrepresented. On appeal, Perez-Perez avers that the district court denied his motion based on its finding that he was ineligible for a sentence reduction because of the upward departure under § 4A1.3(a). He contends that this, among other things, was error.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Regardless of whether the district court committed an arguable error in denying Perez-Perez's § 3582(c)(2) motion, he was still ineligible for a sentence reduction because his guidelines range was not lowered by Amendment 821. Under the amended Guideline, U.S.S.G. § 4A1.1(e) (2023), because Perez-Perez had more than seven criminal history points, he would receive one status point instead of two, lowering his total criminal history score from 11 to 10; however, his criminal history category of V would remain unchanged. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Accordingly, Perez-Perez cannot show that his guidelines range has been lowered by Amendment 821 and that he is eligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1), p.s.; *see also Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Any error by the district court in denying Perez-Perez a sentence reduction is harmless because he cannot show that he was eligible for a sentence reduction in the first place. *See* 28 U.S.C. § 2111; Fed. R. Crim. P. 52(a); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997).

The decision of the district court is AFFIRMED.