# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2024

Lyle W. Cayce
Clerk

No. 24-30166
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC MARQUELLE COLEMAN,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CR-14-1

_____

Before ELROD, *Chief Judge*, and HAYNES, and DUNCAN, *Circuit Judges*.
PER CURIAM:[*]

Eric Marquelle Coleman appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 96-month within-guidelines sentence for being a felon in possession of a firearm. His motion was based on Part A of Amendment 821 to the United States Sentencing Guidelines. Coleman argues that the district court abused its discretion in denying his

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

motion, contending that the district court's order does not provide a sufficient basis for appellate review because it does not contain reasons for the denial of his § 3582(c)(2) motion and does not explicitly state that the district court considered the parties' submissions.

We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). A district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

In denying Coleman's motion, the district court explicitly stated that it considered the 18 U.S.C. § 3553(a) factors and the applicable policy statements issued by the Sentencing Commission. In addition, we construe the district court's statement that it considered Coleman's "motion" to mean that the district court considered Coleman's arguments raised in his memorandum filed in support of a sentence reduction. We further note that the district court judge who denied Coleman's motion for § 3582(c)(2) relief is the same judge who sentenced him. At sentencing, the judge provided reasons that implicated such § 3553(a) factors as the history and characteristics of the defendant and the need for the sentence to promote respect for the law, to afford adequate deterrence, to provide just punishment, and to protect the public, *see* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). This judge denied Coleman's § 3582(c)(2) motion a mere eight months after sentencing him.

On this record, we conclude that the district court had a reasoned basis for denying a sentence reduction as unwarranted. *See Chavez-Meza v. United States*, 585 U.S. 109, 115-19 (2018). Thus, there is no basis for a

determination that the district court abused its discretion.  *See Calton*, 900 F.3d at 710.  The decision of the district court is AFFIRMED.