# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60463
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMY FONDREN,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:22-CR-147-1

———————————————————————

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Jeremy Fondren, federal prisoner # 15311-042, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 80-month below-guidelines sentence for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine hydrochloride. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines. Fondren argues

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

that the district court failed to consider all of the relevant 18 U.S.C. § 3553(a) factors—including, without limitation, his postconviction rehabilitation, his low risk of recidivism, his cooperation and acceptance of responsibility, the kinds of sentences available, and the need to avoid sentencing disparities— and placed too much weight on various other factors.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Fondren did not raise in his § 3582(c)(2) motion any of the arguments that he now makes regarding his entitlement to relief under the § 3553(a) factors, and we therefore will not consider them. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The district court denied Fondren's motion upon considering the nature and circumstances of the offense and the need for his sentence to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C). The district court's reasons for denying Fondren's motion were sufficient. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020); *United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009). Fondren's remaining arguments concerning the district court's balancing of the § 3553(a) factors merely show his disagreement with how the court weighed those factors and are insufficient to show an abuse of discretion. *See Evans*, 587 F.3d at 672-73.

Based on the foregoing, Fondren has failed to demonstrate any legal error or clearly erroneous assessment of the evidence in the district court's denial of his motion. *See Batiste*, 980 F.3d at 469. Accordingly, the district court's order is AFFIRMED.