# United States Court of Appeals for the Fifth Circuit

---

No. 24-10417
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Agusten Diaz,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-180-2

---

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Agusten Diaz, federal prisoner # 43654-177, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] Diaz contends that the district court misconstrued his compassionate release motion, submitted pursuant to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The motion in question was entered by the district court clerk on February 6, 2024 (Rec. Doc. No. 348).

§ 3582(c)(1)(A), as a motion pursuant to § 3582(c)(2) and that it failed to provide sufficient reasons for denying the motion. He asks us to remand the case to the district court with instructions for the court to address the merits of his arguments in favor of compassionate release.

In his IFP pleadings and brief, Diaz does not contest the district court's determination that he is not eligible for relief under Amendment 821 because he possessed a firearm in connection with the offense and received an aggravating role adjustment. *See* U.S.S.G. § 4C1.1(a)(7), (10) (2023). Thus, the district court did not abuse its discretion in denying Diaz's § 3582(c)(2) motion. *See* U.S.S.G. § 1B1.10(a)(2)(B), p.s.; *Dillon v. United States*, 560 U.S. 817, 827 (2010). Further, because § 3582(c)(1)(A) does not prohibit Diaz from filing a successive compassionate release motion, he cannot show that he was prejudiced by the district court's implicit refusal to consider the compassionate release arguments he attempted to incorporate by reference in the form motion, which specifically advised Diaz that its use was limited to Amendment 821 arguments. *See* 18 U.S.C. § 3582(c)(1)(A); *cf. United States v. Calton*, 900 F.3d 706, 710-11 (5th Cir. 2018) (18 U.S.C. § 3582(c)(2) motion). Accordingly, Diaz has failed to show a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Diaz's motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. His motion for summary disposition is likewise DENIED.