# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2025

Lyle W. Cayce
Clerk

No. 24-30124
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVEON GREEN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CR-224-1

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.
PER CURIAM:

Javeon Green, federal prisoner #28277-510, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 46-month, bottom-of-the-guidelines sentence for possession of a firearm by a convicted felon. The district court denied Green's motion. We affirm.

No. 24-30124

I

A

Amendments 821 and 825 of the United States Sentencing Guidelines authorize § 3582(c)(2) sentence-reduction motions. *See* U.S.S.G. Supp. App. C, Amendment 821, Part A (Nov. 2023); U.S.S.G. Supp. App. C, Amendment 825, Part A (Nov. 2023). Amendment 821 eliminated so-called "status points" for defendants who committed the instant offense while under any previous criminal sentence, including probation. *See* U.S.S.G. § 4A1.1(e). Amendment 825 made that change retroactive, authorizing defendants to bring motions for discretionary sentence reductions under 18 U.S.C. § 3582(c) if their Guidelines range would have been lower had Amendment 821 been in effect at the time of sentencing. *See* U.S.S.G. § 1B1.10.

If a defendant is eligible to bring a § 3582(c)(2) sentence-reduction motion, the district court should then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010). There is no presumption that the district court will resentence the defendant to a "point within the new lower Guidelines range that is 'proportional' to the point previously chosen in the older higher Guidelines range." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018).

B

The parties agree that, as a threshold matter, Green was eligible for a reduced sentence under Amendments 821 and 825 of the United States Sentencing Guidelines. *See* Blue Br. at 3; Red Br. at 8. At his initial sentencing, Green was assessed two status points because he committed his felony possession offense while on probation. Those points pushed Green into Criminal History Category III, with a Guidelines range of 46 to 57 months.

The district court sentenced Green to 46 months, the bottom of that range. Without those two status points, Green would have landed in Criminal History Category II, and his Guidelines range would have been 41 to 51 months.

Green moved for a sentence reduction to 41 months, the bottom of the newly calculated range under Amendment 821. He argued that a low-end sentence would be appropriate under that new range, given his difficult upbringing and amenability to substance-abuse treatment. He also argued that a 41-month sentence "would be sufficient but not greater than necessary" to satisfy the sentencing factors outlined in 18 U.S.C. § 3553(a). ROA.233. And he argued that a sentence reduction accorded with the policy goals of Amendment 821.

The district court denied Green's motion via the Federal Judiciary's AO 247 form. That form certified that the district court "considered such motion, and [took] into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable." ROA.73.

## II

Because the parties agree to Green's *eligibility* for sentence-reduction, the sole question on appeal is whether the district court's denial of Green's § 3582(c)(2) motion was an abuse of discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

Green argues that the district court "failed to indicate that it had reconsidered the § 3553(a) factors, failed to indicate that it considered the submissions of the parties, and failed to give any indication of the reason for the denial." Blue Br. at 8–9. Green's argument fails for three reasons.

*First*, the district court did not fail to indicate that it had reconsidered the § 3553(a) factors. The district court's order stated that it had taken "into

account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)." ROA.73. And the district court stated that it had "considered" Green's "motion," *id.*, which we read to include Green's memorandum in support of his motion. *See, e.g.*, *United States v. Cruz-Perez*, No. 24-30065, 2024 WL 3023174, at *1 (5th Cir. June 17, 2024) (per curiam) (unpublished) (making the same inference).[*] It is of no moment that the district court's order was issued via a form. *See Chavez-Meza*, 585 U.S. at 118–19.

*Second*, a district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 673–74 (5th Cir. 2009). And the mere fact that the district court did not "mention the § 3553(a) factors when it summarily reduced [Green's] sentence does not mean that it did not consider them." *Id.* at 673. Just like in *Evans*, the district court here had Green's counseled brief "in front of it when it made its determination." *Id.*

*Third*, the district court had a "reasoned basis" for denying a sentence reduction. *Chavez-Meza*, 585 U.S. at 117 (quotation omitted). The district court judge who denied Green's § 3582(c)(2) motion is the same judge who sentenced him six months earlier. Accordingly, the "record of the initial sentencing sheds light" on the court's decision on the § 3582(c)(2) motion. *Id.*; *see also Cruz-Perez*, 2024 WL 3023174 at *1 (noting that the district court judge who denied a sentence-reduction motion was the same judge who sentenced appellant initially, and considering the district court's discussion of

---

[*] For these same reasons, we reject Green's argument that the district court erred by failing to conduct a "new evaluation" of the § 3553(a) factors as required by *United States v. Henderson*, 636 F.3d 713, 718–19 (5th Cir. 2011) (per curiam). *See* Blue Br. at 12. In *Henderson*, the "district courts did misapprehend, if not their authority to grant a comparable reduction, then their duty to reevaluate the § 3553(a) factors" on § 3582(c)(2) sentence-reduction motions. 636 F.3d at 718–19. That is not the situation here.

the § 3553(a) factors at the initial sentencing). At Green's initial sentencing, the district court expressly considered the § 3553(a) factors, including Green's criminal history, the seriousness of Green's offense, and Green's prospects of rehabilitation. *See* ROA.256–258; 18 U.S.C. § 3553(a)(1)–(2).

Indeed, "the record as a whole satisfies us that the judge considered the parties' arguments and had a reasoned basis for exercising his own legal decisionmaking authority," *Chavez-Meza*, 585 U.S. at 119 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (cleaned up), so denying Green's sentence-reduction motion was not an abuse of discretion. On the contrary, the district court's "explanation (minimal as it was) fell within the scope of the lawful professional judgment that the law confers upon the sentencing judge." *Id.* at 120.

\*　　\*　　\*

Accordingly, the district court's order is AFFIRMED.