# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2025

Lyle W. Cayce
Clerk

———————

No. 24-40560

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BULMARO PEREZ-CALDERON,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:21-CR-69-11

———————————————————————

Before STEWART, HAYNES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Bulmaro Perez-Calderon, federal prisoner # 08374-510, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). In his motion, Perez-Calderon argued that he was eligible for a sentence reduction under Subpart 1 of Part B of Amendment 821, because he was a zero-point offender and otherwise satisfied the criteria set forth in U.S.S.G. § 4C1.1(a) (2023).

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40560

The district court denied the motion, finding that Perez-Calderon had failed to satisfy § 4C1.1(a)(4), because his offense—conspiracy to transport undocumented persons—resulted in the death of one of the transported individuals.

Through his IFP motion, Perez-Calderon challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Citing *Kisor v. Wilkie*, 588 U.S. 558 (2019) and *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), Perez-Calderon argues that the district court erred in denying his motion because it "improperly deferred to commentary definitions rather than interpreting the guideline text of § 4C1.1" and failed to examine "whether terms like 'firearm' and 'serious bodily injury' in § 4C1.1 were ambiguous." However, in its order denying Perez-Calderon's § 3582(c)(2) motion and its clarifying order denying him IFP status, the district court did not deny relief based on a finding that Perez-Calderon's offense resulted in "serious bodily injury," as that term is used in § 4C1.1(a)(4), or a finding that he used a "firearm," as that term is used in § 4C1.1(a)(7). The district court explained that, under § 4C1.1(a)(4) which requires that "the offense did not result in death or serious bodily injury," Perez-Calderon "fails to qualify for a sentence reduction because an alien died while [he was] transporting undocumented aliens[.]" There is no indication that the district court relied on the commentary to the Guidelines to interpret any term set forth in § 4C1.1(a), and Perez-Calderon does not argue that the district court's interpretation of "death" was ambiguous.

Perez-Calderon additionally argues that the district court erred in finding him ineligible for a sentence reduction "based on disqualifying factors [under § 4C1.1(a)] related to the broader conspiracy, without finding that he personally engaged in those actions." In his presentence report, Perez-Calderon was assessed a 10-level enhancement under U.S.S.G. § 2L1.1(b)(7)(D) because an undocumented person died while being transported during the course of the alien-smuggling conspiracy for which Perez-Calderon was convicted. Perez-Calderon, accordingly, has shown no nonfrivolous error in the district court's conclusion that his conspiracy offense resulted in the death of an undocumented person. *See* U.S.S.G. § 1B1.3(a)(1)(B); § 4C1.1(a)(4). To the extent that he seeks to challenge his § 2L1.1(b)(7)(D) sentencing enhancement for the first time on appeal from the denial of his § 3582(c)(2) motion, any such challenge fails. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010).

Finally, Perez-Calderon argues that the district court erred "by interpreting Amendment 821 in a manner inconsistent with its intent to benefit low-risk, first-time offenders like [him] who lack criminal history and have no history of violent or leadership conduct." By its plain terms, the intent of § 4C1.1(a) was to afford a two-level adjustment to a zero-point offender's guidelines range where, among other things, the offense did not result "in death." *See* § 4C1.1(a)(4). By denying Perez-Calderon's § 3582(c)(2) motion on the ground that he failed to satisfy § 4C1.1(a)(4)'s criteria, the district court upheld the clear intent of § 4C1.1(a).

Perez-Calderon has failed to show a nonfrivolous issue regarding whether the district court abused its discretion by denying him a § 3582(c)(2) reduction in sentence. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *Howard*, 707 F.2d at 220. Perez-Calderon's motion to proceed IFP

No. 24-40560

on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.