# United States Court of Appeals for the Fifth Circuit

———————

No. 24-40376
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Armando Olivares,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-187-1

———————————————————

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jesus Armando Olivares, federal prisoner # 51371-510, seeks to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Amendment 821 to the Sentencing Guidelines. The district court determined that Olivares was ineligible for a sentence reduction under

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

U.S.S.G. § 4C1.1 due to his possession of a firearm in connection with the offense. *See* § 4C1.1(a)(7). By moving for leave to proceed IFP, Olivares is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his brief, Olivares argues that there was no evidence that a firearm was used in the offense. He also contends that he was unable to tell his side of the story at sentencing, that his counsel was ineffective at sentencing, and that his constitutional right to keep and bear arms was violated. Any attempts by Olivares, for the first time in his appeal from the denial of his § 3582(c)(2) motion, to dispute the district court's findings at sentencing are not cognizable. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

Moreover, the district court's increase in Olivares's offense level under U.S.S.G. § 2D1.1(b)(1)—along with its findings at sentencing that Olivares's house was a drug stash house, that he was intercepted traveling with drugs from the house to a drug deal, that a firearm, ammunition, and drug proceeds were found in his bedroom dresser, and that additional drugs and drug proceeds were nearby in his bedroom closet—support the district court's determination that Olivares possessed the firearm in connection with his offense for purposes of § 4C1.1(a)(7). *Cf. United States v. Matias*, 465 F.3d 169, 171-74 (5th Cir. 2006); *United States v. Vasquez*, 161 F.3d 909, 910-11 (5th Cir. 1998).

In light of the foregoing, Olivares fails to demonstrate that he will raise a nonfrivolous issue regarding whether the district court abused its discretion in denying his motion for a reduction of sentence. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.