# United States Court of Appeals for the Fifth Circuit

---

No. 24-60120
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Israel Sosa De La Cruz,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CR-138-1

---

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Israel Sosa De La Cruz, federal prisoner # 72988-509, appeals the district court's decision denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 821 to the Sentencing Guidelines. He argues that the district court erred by both denying him a reduction under U.S.S.G. § 4C1.1 and failing to explain its rationale for doing so.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60120

However, Sosa De La Cruz is not eligible under § 4C1.1 because he has one criminal history point arising from a 2015 state conviction and sentence for driving while intoxicated (DWI). *See* § 4C1.1(a)(1). We need not consider his arguments, raised for the first time in his reply brief, that the DWI sentence was too old and inconsequential to disqualify him from receiving a § 3582(c)(2) reduction such that the district court should have disregarded it. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

In any event, the 30-day DWI sentence was imposed on March 2, 2015—within 10 years of the commencement of the instant offense—and was, thus, properly counted as part of his criminal history. *See* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2). Although Sosa De La Cruz contends that the district court should have, as a matter of policy and discretion, ignored his DWI sentence based on its age and lack of seriousness, the district court had no authority to do so. *See* U.S.S.G. § 1B1.10(a)(2), p.s. (providing that sentence reduction is not authorized under § 3582(c)(2) if amendment at issue is not applicable to defendant and does not have effect of lowering guidelines range); *Dillon vs. United States*, 560 U.S. 817, 825-26 (2010) (explaining that § 3582(c)(2) does not authorize resentencing and only authorizes reduction consistent with § 1B1.10).

As Sosa De La Cruz does not qualify for a reduction under § 4C1.1, the district court did not err by denying him § 3582(c)(2) relief, *see United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018), and no further explanation was required under the "circumstances of [this] particular case." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). The motion for leave to file an out-of-time reply is GRANTED, and the order of the district court is AFFIRMED.

2