# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2025

Lyle W. Cayce
Clerk

———————

No. 24-10097

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Gamaliel Ontiveras Salas,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-90-4

———————————————————

Before Stewart, Clement, and Willett, *Circuit Judges*.

Per Curiam:[*]

Gamaliel Ontiveras Salas filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied his motion and Salas now appeals. For the following reasons, we VACATE and REMAND for further proceedings.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10097

## I. FACTUAL & PROCEDURAL BACKGROUND

In March 2018, Salas pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The presentence investigation report ("PSR") recommended a two-level increase to Salas's base offense level because a search of the residence he shared with his uncle—a co-defendant in the underlying criminal case—revealed the presence of six firearms. However, both Salas and the Government objected to the two-level increase because the Government conceded that it could not prove by a preponderance of the evidence that Salas had possessed the firearms in connection with his drug offense. At sentencing, the district court sustained the objections, which lowered Salas's total offense level from 35 to 33, resulting in a decrease of his guidelines range from 168 to 210 months of imprisonment to 135 to 168 months. In July 2018, the district court sentenced Salas at the bottom of the guidelines range to 135 months' imprisonment and three years of supervised release.

In November 2023, Salas filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] In his motion, Salas moved for a two-level decrease of his offense level of 33 under U.S.S.G. § 4C1.1, which provides for a downward adjustment for certain zero-point offenders if they meet a list of enumerated criteria.[2] One of the enumerated criteria under § 4C1.1 is that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."

---

[1] The record reflects that a different judge was assigned to Salas's case after his original sentencing in 2018, and before he filed his § 3582(c)(2) motion in 2023.

[2] The PSR indicates that Salas has zero criminal history points thus qualifying him as a zero-point offender under the Guidelines.

2

U.S.S.G. § 4C1.1(a)(7). In his § 3582(c)(2) motion, Salas alleged that he was eligible for the decrease because he satisfied all of the criteria set forth in § 4C1.1, including subsection 7's requirement that he did not possess a firearm in connection with the offense. The probation officer disagreed, however, and filed a sealed Amendment 821 worksheet asserting that Salas was not eligible for the decrease because he did not satisfy § 4C1.1(a)(7)'s criterion pertaining to firearm possession.

The district court then stated, using form language, that it had considered the U.S.S.G. § 1B1.10 policy statement and the 18 U.S.C. § 3553(a) sentencing factors, to the extent they were applicable, and concluded that Salas's § 3582(c)(2) motion should be denied for the reasons set forth in its statement of reasons.[3] The record reflects that the district court's statement of reasons was sealed. Therein, the district court explained that Salas was not eligible for the § 4C1.1 reduction because he "possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense."

The record indicates that Salas likely received a copy of the probation officer's § 3582(c) worksheet but not the district court's § 3582(c)(2) statement of reasons.[4] Consequently, because he was likely unaware of the district court's reasons for denying his § 3582(c)(2) motion, Salas never

---

[3] Although the district court signed the 18 U.S.C. § 3582(c)(2) order with standard form language indicating that it had considered the U.S.S.G. § 1B1.10 policy statement and the 18 U.S.C. § 3553(a) sentencing factors, it did not complete the section in the statement of reasons regarding the § 3553(a) factors or § 1B1.10.

[4] According to the sealed docket sheet, the probation officer's § 3582(c)(2) worksheet would have been mailed to Salas as a *pro se* party, but only counsel of record (for the defense and the Government) would have been given access to the district court's sealed § 3582(c)(2) statement of reasons.

objected to the district court's determination that he was ineligible for a sentence reduction on grounds that he failed to satisfy the criterion set forth in § 4C1.1(a)(7). Salas later filed this *pro se* appeal of the district court's order denying his § 3582(c) motion.

## II. Discussion

As a threshold consideration, we must address the issue of whether Salas's appeal in this case was untimely. According to the record, in July 2024, the Government moved to dismiss Salas's notice of appeal as untimely. In its motion, the Government noted that the district court issued its order denying Salas's § 3582(c)(3) motion on January 11, 2024. Thus, Salas's notice of appeal was due 14 days later, by January 25, 2024. Fed. R. App. P. 4(b)(1)(A)(i). Although Salas's notice of appeal was dated January 17, 2024, it was not postmarked until February 3, 2024, and the clerk's office did not receive it until February 6, 2024. Based on these dates, the Government concluded that Salas did not satisfy the requirements of Rule 4(c)(1)(A). Fed. R. App. P. 4(c)(1)(A).

In August 2024, a panel of this court denied the Government's motion to dismiss Salas's appeal but granted its alternative motion for a limited remand for the purpose of determining whether Salas's notice of appeal was timely under Federal Rule of Appellate Procedure 4(b) and (c).

In February 2025, the district court issued an order on remand concluding that "[t]hough Salas's notice of appeal states that he wrote it before the time to appeal had lapsed, the Court finds that Salas did not mail the notice of appeal under the rules of the institution that currently incarcerates him, and his notice of appeal was otherwise untimely."

Although the district court's February 2025 order on remand concluded that Salas's appeal was untimely, our further review of the record reveals that the district court granted Salas's motion to proceed in forma

pauperis on appeal on March 8, 2024, over a month *after* Salas filed his notice of appeal on February 6, 2024. Thus, in accordance with our well-established precedent, we conclude that the district court's order granting Salas's motion to proceed in forma pauperis constituted an implicit finding of excusable neglect under Federal Rule of Appellate Procedure 4(b)(4).[5] *See, e.g.*, *United States v. Quimby*, 636 F.2d 86, 89 (5th Cir. Unit A Feb. 2, 1981) (per curiam) ("Although the Court did not explicitly state it was making a finding of excusable neglect for extending the time for filing a notice of appeal, we conclude its ruling on the motion to appoint counsel and allow appeal in forma pauperis constituted such a finding."); *United States v. Clark*, 853 F. App'x 955, 955 (5th Cir. 2021) (per curiam) (similar); *United States v. Wells*, 836 F. App'x 313, 313 (5th Cir. 2021) (per curiam) (similar).

Given that the district court made an implicit finding of excusable neglect, Salas was entitled to additional time to file his notice of appeal under Federal Rule of Appellate Procedure 4(b)(4). The district court erred in not allowing Salas that additional time. Accordingly, because we have now determined that Salas's notice of appeal was in fact timely under Federal Rule of Appellate Procedure 4(b)(4), we proceed to analyze his appeal on the merits.

---

[5] Under Rule 4(b)(4), "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

No. 24-10097

\*    \*    \*

We generally review the denial of a § 3582(c)(2) motion for an abuse of discretion, and the district court's interpretation or application of the Guidelines de novo. *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). However, by failing to challenge the district court's determination that he was ineligible for the § 3582(c)(2) sentence reduction based on § 4C1.1(a)(7), Salas has failed to preserve the issue for our consideration on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of *pro se* appellants, we also require that arguments must be briefed to be preserved." (quotations omitted)). Nonetheless, "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Broussard*, 669 F.3d 537, 552 n.10 (5th Cir. 2012) (alteration in original) (quoting *Silber v. United States*, 370 U.S. 717, 718 (1962)); *see also United States v. Pineda–Ortuno*, 952 F.2d 98, 105 (5th Cir. 1992) ("Where plain error is apparent, the issue may be raised *sua sponte* by this court even though it is not assigned or specified."). "We exercise this discretion with the greatest prudence, recognizing that it is only the extraordinary case which will excuse an appellant's failure to make an argument in his initial brief." *Broussard*, 669 F.3d at 552–53.

Given that the record indicates that Salas was never given access to, and thus presumably unaware of, the district court's sealed statement of reasons explaining why it was denying his § 3582(c)(2) motion, we consider this an "extraordinary case" and proceed to analyze the issue under a plain–error standard of review. *See Broussard*, 669 F.3d at 552 n.10. Plain error can be established by demonstrating a clear or obvious error that affected the defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135

(2009). If those requirements are met, we have the discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quotations omitted).

Recall that prior to sentencing, the PSR recommended a two-level increase on grounds that Salas possessed a dangerous weapon after a search of the residence that he shared with his uncle revealed the presence of six firearms. However, both Salas and the Government objected to the increase in light of the Government's concession that it could not prove by a preponderance of the evidence that Salas possessed the firearms in connection with the drug offense. The district court sustained the objections, presumably agreeing that the evidence did not adequately support that Salas had possessed the firearms in connection with his drug offense. Accordingly, after sustaining those objections, the district court lowered Salas's guidelines range.

But this prior history in the record leading up to Salas's ultimate sentencing is inconsistent with the district court's subsequent decision to deny Salas's § 3582(c)(2) motion for a sentence reduction on grounds that he did not satisfy the § 4C1.1(a)(7) criterion pertaining to firearm possession. In other words, before sentencing, the district court determined that a two-level increase to Salas's base offense level was not warranted because the evidence did not support that he possessed a firearm in connection with the offense. But after sentencing, the district court concluded Salas was ineligible for a § 3582(c)(1) sentence reduction because he possessed a firearm in connection with the offense. Such a conclusion is contradictory.

For this reason, we conclude that the district court committed clear or obvious error by determining that Salas was ineligible for relief under § 3582(c)(2) based on § 4C1.1(a)(7). *See Puckett*, 556 U.S. at 135. This error affected Salas's substantial rights because he would have been eligible for a

lower guidelines range of 108 to 135 months with the two-level § 4C1.1 reduction. Our reasoning is further supported by the fact that in denying Salas's § 3582(c)(2) motion, the district court did not alternatively rely on the § 3553(a) sentencing factors. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (per curiam) (noting that, in determining whether to reduce a sentence pursuant to § 3582(c)(2), a district court must (1) follow the instructions of § 1B1.10 to determine whether a defendant is entitled to the reduction and to what extent, and then (2) consider the § 3553(a) factors and determine whether to exercise its discretion to reduce the sentence).

Accordingly, we conclude that the district court plainly erred in denying Salas's § 3582(c)(2) motion for a sentence reduction based on § 4C1.1(a)(7). *See Puckett*, 556 U.S. at 135.

### III. Conclusion

For the aforementioned reasons, we VACATE and REMAND for further proceedings consistent with this opinion.