# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2025

Lyle W. Cayce
Clerk

No. 24-40665

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Leandro Salas-Galaviz,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1420-1

———————————————————————

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

　　Leandro Salas-Galaviz, federal prisoner # 31508-279, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in the district court. He now seeks to proceed in forma pauperis (IFP) on appeal from the district court's subsequent order denying a sentence reduction under 18 U.S.C. § 3582(c)(2), ostensibly based on the motion for compassionate release. By moving to proceed IFP in this court, Salas-Galaviz

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

challenges the district court's certification that his appeal is not taken in good faith because its order denying § 3582(c)(2) relief is not final or appealable as his § 3582(c)(1)(A)(i) claims remain pending. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

An appeal from the denial of a § 3582(c)(2) motion is properly reviewed under 28 U.S.C. § 1291. *United States v. Calton*, 900 F.3d 706, 712-13 (5th Cir. 2018). Liberally construed, Salas-Galaviz's IFP motion contends that the district court failed to provide sufficient reasons for denying relief under § 3582(c)(2). He does not offer any basis upon which he was eligible for a sentence reduction under § 3582(c)(2).

A district court need not explain the denial of a sentence reduction under § 3582(c)(2). *See United States v. Evans*, 587 F.3d 667, 672-74 (5th Cir. 2009). Here, the district court stated in its order denying § 3582(c)(2) relief that it had considered Salas-Galaviz's motion, the policy statement in U.S.S.G. § 1B1.10, and the 18 U.S.C. § 3553(a) factors. Moreover, to the extent that the district court's order implicitly addressed Amendment 821 to the Sentencing Guidelines, Salas-Galaviz patently does not qualify for a reduction under Amendment 821. *See* U.S.S.G. § 4A1.1(e) (2023); U.S.S.G. § 4C1.1(a)(10) (2023). No further explanation was therefore required under the "circumstances of [this] particular case." *Chavez-Meza v. United States*, 585 U.S. 109, 115 (2018).

Salas-Galaviz has not identified a nonfrivolous argument that the district court abused its discretion in denying him § 3582(c)(2) relief. *See Calton*, 900 F.3d at 710. His IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2.