# United States Court of Appeals for the Fifth Circuit

---

No. 24-50590
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Uriel Pinuelas Salas,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-253-1

---

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Manuel Uriel Pinuelas Salas, federal prisoner # 48377-308, is serving an 87-month term of imprisonment, imposed following his guilty-plea conviction for possession with intent to distribute 500 or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). He challenges the district court's denial of his *pro se* 18 U.S.C. § 3582(c)(2)

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

motion for a sentence reduction based on Amendment 821 to the Sentencing Guidelines. (He received appointed counsel before the court ruled on the motion.) The district court denied the motion on the ground that, although Salas was entitled to a reduction of two criminal-history points under amended Guideline § 4A1.1(e), the reduction did not lower his criminal-history category or, by extension, his Guidelines range of imprisonment.

The denial of a § 3582(c)(2) motion is reviewed for abuse of discretion; on the other hand, "a district court's conclusion that it could not reduce a sentence based on an interpretation or application of the Guidelines is reviewed *de novo*". *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). We may affirm on any basis supported by the record. *E.g.*, *United States v. Roussel*, 705 F.3d 184, 195 (5th Cir. 2013).

Salas' counseled brief is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). He fails to address, and has therefore abandoned any challenge to, the district court's reason for denying him § 3582(c)(2) relief. *E.g.*, *United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001) ("Failure to satisfy the requirements of Rule 28 as to a particular issue ordinarily constitutes abandonment of the issue."); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed).

Instead, Salas raises a different issue on appeal, contending the reduction of his criminal-history points under Amendment 821 qualifies him for safety-valve relief under 18 U.S.C. § 3553(f), as amended by the First Step Act of 2018 (FSA). Salas, however, did not preserve this issue in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Salas must show a forfeited plain error (clear-or-obvious error, rather than one subject

No. 24-50590

to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

The FSA's safety-valve provision states that, in cases involving defendants convicted of certain controlled-substance offenses who meet specified criteria, a district court "*shall* impose a sentence pursuant to the Guidelines", as promulgated by the U.S. Sentencing Commission, "without regard to any statutory minimum sentence". 18 U.S.C. § 3553(f) (emphasis added); *see United States v. Miller*, 179 F.3d 961, 964 (5th Cir. 1999) ("The safety valve provision is an exception to the general rule under the Guidelines that, if the statutory mandatory minimum sentence is greater than the maximum Guideline range, the statutory sentence must be the Guideline sentence.").

In any event, the district court already sentenced Salas to 87 months of imprisonment—below the mandatory minimum 120-month sentence otherwise applicable under the statute of conviction, 21 U.S.C. § 841(b)(1)(A)(viii), and at the bottom of the advisory Guidelines sentencing range—under the post-FSA version of 18 U.S.C. § 3553(f). Accordingly, Salas fails to show the claimed error affected his substantial rights. *See Puckett*, 556 U.S. at 135.

AFFIRMED.

Judge Haynes concurs in the judgment only.