# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2025

Lyle W. Cayce
Clerk

No. 24-50843

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeffrey Clinton Michalik,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-347-1

_____

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jeffrey Clinton Michalik, federal prisoner # 88922-380, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Subpart 1 of Part B of Amendment 821 to the Sentencing Guidelines. The district court determined that Michalik was ineligible for a sentence reduction under U.S.S.G. § 4C1.1 (2023). By moving for leave to proceed IFP, Michalik is

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his brief, Michalik first argues that the district court failed to verify at sentencing that he had been interviewed for, had read, and had been given the opportunity to discuss the presentence report and addendum before sentencing. He contends that the parts of the presentence report that he eventually was allowed to view contained incorrect information. We decline to consider these arguments since they were not raised in the district court. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021).

Michalik also argues that the district court erred in denying his § 3582(c)(2) motion. He maintains that he met the criteria for a sentence reduction as a zero-point offender and that the 18 U.S.C. § 3553(a) factors favored a reduction in light of his post-sentencing conduct. However, the record supports the district court's determination that Michalik was ineligible for a sentence reduction under § 4C1.1 because his offense of conviction—possession of child pornography—is a sex offense, and Michalik has not provided a nonfrivolous argument to the contrary. *See* § 4C1.1(a)(5), (b)(2); 18 U.S.C. § 2252A(a)(5)(B); *see also Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Consequently, we need not consider his arguments regarding the § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

In light of the foregoing, Michalik fails to demonstrate that he will raise a nonfrivolous issue whether the district court abused its discretion in denying his motion for a sentence reduction. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.