# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-30753
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Malone,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-133-1

————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Michael Malone, federal prisoner # 09422-510, appeals the district court's order granting his 18 U.S.C. § 3582(c)(2) motion and reducing his 82-month sentence for his conviction of possession of a firearm by a felon to 78 months, which was the top of the amended guidelines range. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines. On

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appeal, Malone argues that the district court erred by failing to consider the arguments that he raised in the district court that he now claims favored a greater reduction and by failing to provide sufficient reasons for the 78-month sentence. He additionally argues that the district court erred by imposing a sentence at the top of the amended guidelines range when he was originally sentenced to the middle of the then-applicable guidelines range.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). The district court granted Malone's motion upon finding that a 78-month reduced sentence was warranted based on the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). The district court's reasons for granting Malone's motion and rejecting his request for a further reduction were sufficient. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020); *United States v. Evans*, 587 F.3d 667, 673–74 (5th Cir. 2009). Furthermore, even if the district court did not expressly address the arguments that Malone raised in the district court, those arguments were set forth in an "821 Committee Sentence Reduction Screening Form," which the district court expressly stated in its order that it had considered. Accordingly, we can infer that the district court considered Malone's arguments. *See Evans*, 587 F.3d at 673; *see also Concepcion v. United States*, 597 U.S. 481, 502 (2022). Finally, because the district court had no obligation to reduce Malone's sentence at all, the district court was not obligated to reduce it even further than it did within the recalculated guidelines range so that it was proportional to his original sentence. *See Evans*, 587 F.3d at 673.

Based on the foregoing, Malone has failed to demonstrate any legal error or clearly erroneous assessment of the evidence in the district court's

No. 24-30753

decision. *See Calton*, 900 F.3d at 710; *Batiste*, 980 F.3d at 469. Accordingly, the district court's order is AFFIRMED.