# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50702
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN JOSE ALVIZO,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-1595-1

---

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Juan Jose Alvizo, federal prisoner # 64412-509, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 210-month within-guidelines sentence for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. His motion was based on Part B of Amendment 821 to the Sentencing Guidelines. The district court found

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50702

that Alvizo was eligible for a reduction, which would have resulted in a newly applicable guidelines range of 135-168 months, but denied the motion to reduce after determining that an "upward variance" was appropriate in light of the seriousness of the offense, the need for respect for the law, and the need to impose just punishment for the offense. *See* § 18 U.S.C. § 3553(a)(2)(A). Alvizo argues that the district court erred in denying his motion because it did not rule at his original sentencing that the § 3553(a) factors justified a variance.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). After a district court determines whether a prisoner is eligible for a reduction, it must then determine whether, and to what extent, to reduce the sentence in light of the § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Although the district court stated that it was imposing an upward variance, the practical effect of its actions was to determine that a reduction was not appropriate in light of the § 3553(a) factors. *See id.* This conclusion is supported by the fact that at Alvizo's original sentencing, which occurred five months before he filed his § 3582(c)(2) motion, the district court concluded that a sentence of 168 months was insufficient given that the offense involved 68 kilograms of actual methamphetamine. *See* 18 U.S.C. § 3553(a)(1).

Alvizo has not established that the district court abused its discretion in denying relief on his motion for a sentence reduction. *See Dillon*, 560 U.S. at 827; *Calton*, 900 F.3d at 710. Accordingly, the district court's order is AFFIRMED.

2