# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2025

Lyle W. Cayce
Clerk

No. 24-60633
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA MARTIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-41-1

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Joshua Martin, federal prisoner # 17414-043, is serving a 336-month sentence of imprisonment, which was imposed following his conviction for causing death through the use of a firearm during and in relation to a drug trafficking offense. Proceeding pro se, Martin appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence, which

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

was based on Part A of Amendment 821 to the Sentencing Guidelines. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

Martin contends that the district court erred in denying him a sentence reduction because he was under a criminal justice sentence when he committed his offense and, under Amendment 821 and U.S.S.G. § 4A1.1(e) (2023), his advisory guidelines range was lowered and he should have been resentenced to a prison term within the amended range. In his supplemental briefs, Martin additionally argues that he was entitled to relief because (i) the district court imposed his sentence to run consecutively to a sentence imposed in a separate case; (ii) he suffers from several medical conditions; (iii) he was falsely accused of rape; (iv) he had been rehabilitated and was remorseful; and (v) he has endured harsh conditions in prison.

The district court denied Martin's motion based on a determination that he was ineligible for a sentence reduction because, along with other reasons, he was sentenced pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), that called for a 336-month sentence. Martin does not address the district court's determination that he is ineligible for a sentence reduction under § 3582(c)(2). Because Martin fails to challenge the district court's ineligibility determination, the issue is deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Additionally, we do not consider the arguments raised in Martin's supplemental briefs because they are raised for the first time on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021). Regardless, those arguments do not address the district court's reasons for finding that Martin was ineligible for a sentence reduction.

No. 24-60633

In view of the foregoing, Martin has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED. Martin's motion to supplement the record on appeal is GRANTED.