# United States Court of Appeals for the Fifth Circuit

---

No. 24-40684
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SHAWN CARL GAITAN,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CR-97-1

---

Before JONES, RICHMAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Shaw Carl Gaitan, federal prisoner # 18106-579, moves for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Part A of Amendment 821 to the Sentencing Guidelines. By moving to proceed IFP in this court, Gaitan is challenging the district court's ruling that he did not

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

demonstrate a nonfrivolous issue for appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Gaitan and the Government entered into a plea agreement under Federal Rule of Civil Procedure 11(c)(1)(C) in which they stipulated that Gaitan "shall be sentenced to a term of imprisonment for not less than 168 months and not more than 210 months." At sentencing, the district court determined that Gaitan's applicable guidelines range was 235 to 293 months of imprisonment, based on a total offense level of 35, eight criminal points, and a criminal history category of IV. The Government argued that the below-guidelines stipulated sentencing range in the plea agreement was the result of an error in the calculation of Gaitan's criminal history and a concession to him by not assessing a two-level leadership role adjustment. The court accepted the plea agreement and sentenced Gaitan to 210 months of imprisonment.

In denying Gaitan's § 3582(c)(2) motion, the court, using the total offense level and criminal history score and category that it determined were applicable at the sentencing hearing, found that his amended guidelines range was 210 to 262 months of imprisonment and that Gaitan was not eligible for a sentence reduction under U.S.S.G. § 1B1.10(b)(2)(A).

Gaitan argues in his IFP brief that the parties, in stipulating to a 168-to-210-month sentencing range in the plea agreement, agreed that his total offense level was 33, he had five criminal history points, and his criminal history category was III. Accordingly, he contends, his amended guidelines range should be 151 to 188 months of imprisonment, and the district court

erred in finding him ineligible for a sentence reduction under § 1B1.10(b)(2)(A).

In the plea agreement, the parties only stipulated to a sentencing range—they did not stipulate to Gaitan's total offense level, his criminal history score, or his criminal history category. There is nothing in the record to establish what the parties believed Gaitan's criminal history score to be when they entered into the plea agreement. Regardless, Gaitan has shown no arguable error in the district court's finding that his 210-month sentence was based on the applicable guidelines range and that his eligibility for a § 3582(c)(2) sentence reduction was also based on that range and not the sentencing range stipulated by the parties in the plea agreement. *See Hughes v. United States*, 584 U.S. 675, 685-87 (2018).

Gaitan has failed to show he has a nonfrivolous argument that the district court abused its discretion in denying his § 3582(c)(2) motion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.