# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2025

Lyle W. Cayce
Clerk

No. 25-10288
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Angel Jesus Carvajal Bruzual,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-140-1

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Angel Jesus Carvajal Bruzual (Carvajal), federal prisoner #54015-510, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking a sentence reduction based on Amendment 829 to the Sentencing Guidelines. That amendment, effective November 1, 2024, modified

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10288

U.S.S.G. § 5H1.1, p.s. Carvajal contends the district court erred both in denying the motion and in offering no explanation for doing so.

We review the denial of § 3582(c)(2) relief for abuse of discretion. *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018) (citation omitted). Amendment 829, however, is not among the covered amendments listed in U.S.S.G. § 1B1.10(d), p.s. Consequently, the district court lacked authority to reduce Carvajal's sentence on that basis. *See* U.S.S.G. § 1B1.10(a)(2)(A), p.s.; *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (holding that § 3582(c)(2) authorizes reductions only when consistent with § 1B1.10 and that eligibility is assessed at the threshold step). Because Carvajal is ineligible for a reduction as a matter of law, the district court committed no error in denying his motion, *see Calton*, 900 F.3d at 710, and no further explanation was required. *See Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018); *United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009). Accordingly, we AFFIRM the denial of § 3582(c)(2) relief.

Carvajal also moves for appointed counsel. Although counsel may be appointed in a § 3582(c)(2) proceeding when the interests of justice so require, defendants are not entitled to counsel as of right. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). Carvajal has not shown that the interests of justice warrant counsel here. We therefore DENY his motion for appointed counsel.